# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRELL LEE HICKS, # 403-906, | * |
| Plaintiff | * |
| v | *    Civil Action No. ELH-19-3075 |
| MATTHEW LYNN, <br> DENNIS J. WEAVER, <br> INITIA LETTAU, <br> DANIEL P. DWYER, | * <br><br> * <br><br> * |
| Defendants | |

## MEMORANDUM

Darrell Lee Hicks, a Maryland prisoner housed at Western Correctional Institution in Cumberland, Maryland ("WCI"), filed suit on October 21, 2019 (ECF 1), seeking declaratory and injunctive relief as well as money damages. He alleges due process violations that occurred in connection with post-conviction proceedings filed on his behalf in the Circuit Court for Washington County, Maryland.[1] Hicks names as defendants Matthew Lynn, a court-appointed post-conviction attorney; Dennis J. Weaver, Clerk of Court for the Circuit Court of Washington County; Initia Lettau, Chief Attorney for the Office of the Public Defender post-conviction section; and the Honorable Daniel P. Dwyer, Circuit Court for Washington County. Hicks has included with his suit "Allegations of Error" by trial and appellate counsel, as well as exhibits. ECF 1-1.

Hicks has failed to pay the filing fee or submit a Motion for Leave to Proceed in Forma Pauperis. For reasons noted herein, he will not be required to correct this deficiency.

---

[1] Hicks states that he is serving a 33-year sentence, imposed on July 12, 2012, by the Circuit Court for Washington County, following his conviction on April 27, 2012, for second-degree murder and a related weapon offense. ECF 1-1 at 3; *see State v. Hicks,* Case No. 21-K-11-046038 (Cir. Ct. Washington Co.), http://casesearch.courts.state.md.us/casesearch/inquiry (last viewed October 28, 2019).

Hicks asserts several complaints. These include that Lynn did not inform him as to the reaosn his post-conviction hearing was held in absentia on November 14, 2016; Weaver failed to "forward [his] Motion for Post-Conviction Relief" to the Circuit Court; and Lettau, who was subsequently appointed to represent Hicks, did not provide him with transcripts of the hearing on November 14, 2016, and failed to file an application for review of sentence by a three-judge panel. Further, Hicks complains that Judge Dwyer "refused to review or sign [his] Motion for Appropriate Relief," which would grant him time to file a belated Application for Review of Sentence. ECF 1 at 2-3; ECF 1-1 at 10-12.

Based on Hicks's recent indigency application,[2] the Court will grant Hicks leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). Section 28 U.S.C. § 1915(a) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, however, the statute requires dismissal of any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

This Court is mindful of its obligation to construe liberally the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). In making this determination, "[t]he district court . . must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-

---

[2] *See Hicks v. Graham, et al.,* Civil Action No. ELH-19-2448 (D. Md.), Motion for Leave to Proceed in Forma Pauperis, ECF 5, docketed September 9, 2019.

723 (4th Cir. 1989). Given this standard, the Court must dismiss Hicks's Complaint, as it fails to state a cognizable constitutional claim.

Attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty v. Dodson*, 454 U.S. 312, 453-54 (1981). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). Such an allegation is not apparent here, foreclosing the claims against Lynn and Lettau under the facts alleged. Further, nothing suggests that Hicks is constitutionally entitled to a copy of his post-conviction transcript.

Hicks was apparently granted 30 days to file a belated application for review of sentence. ECF 1-1 at 11-12. On August 5, 2019, the State and Attorney Lettau forwarded a Motion for Appropriate Relief to the Circuit Court suggesting that a consent order had not been received by the Court. *Id.* The electronic record demonstrates that the Motion for Appropriate Relief was promptly docketed on August 5, 2019, and granted on August 7, 2019. *See State v. Hicks,* Case No. 21-K-11-046038 (Cir. Ct. Washington Co.). Hicks's Complaint provides no factual basis to hold Weaver, the Clerk of Court, liable for damages for any delay in the filing of the consent order.

Further, the Court notes that a claim for damages against a judicial officer acting within the scope of judicial authority is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the

resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial discretion. Immunity applies even when the judge is accused of acting maliciously and corruptly. Here, Hicks accuses Judge Dwyer of failing to review or sign his Motion for Appropriate Relief. ECF 1 at 3. Examination of the state court record demonstrates, however, that the motion was promptly signed. In any event, imposing a burden on judges to rule hastily on pending motions would contribute not to principled decision-making but to intimidation. Even if the motion had yet to be resolved, Hicks would not have recourse to demand resolution under the doctrine of judicial immunity.

To the extent Hicks seeks injunctive or declaratory relief against any of the defendants, his claim also fails. Essentially, he asks this Court to grant mandamus relief to compel the Maryland courts and public defender services to (1) grant a pending motion, (2) provide him with a transcript, and (3) schedule a three-judge panel sentencing review hearing. Under 28 U.S.C. § 1361 the

federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to perform the particular acts requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

I have no authority to compel a State court to act to provide a transcript, forward a pleading, or rule on a pending motion. Therefore, the mandamus relief requested by Hicks is unavailable.

Hicks's lawsuit shall be dismissed under all three subsections of 28 U.S.C. § 1915(e)(2)(B) and he shall be assessed as a "first strike". He is cautioned that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under §1915(e) or under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. § 1915(g).

A separate Order follows.

Date: October 30, 2019    /s/
                          Ellen L. Hollander
                          United States District Judge